SO ORDERED.

SIGNED this 9th day of February, 2026.



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:

**6201 Robinson Street, LLC**                     Case No. 26-20161 Ch. 11

      **Debtor(s)**

### ORDER SCHEDULING CHAPTER 11 STATUS CONFERENCE AND DIRECTING NOTICE

On **April 7, 2026, at 1:30 p.m.**, the Court will conduct a preliminary status conference in this case at 444 SE Quincy, Courtroom 220, Topeka, Kansas,[1] at which time the Debtor's managing officer and Debtor's counsel are hereby directed to appear. Appearance may be remote via computer using the following link: https://us-courts.webex.com/us-courts/j.php?MTID=m7a5636c1a0875e4414a01f24ec970db5, if prompted for an access code, enter 2307 168 9263. In some instances, the Court may allow

---

[1] 04/07/2026 is Judge Somers' Topeka docket, participants may appear remotely as noted herein.

appearance by telephone by dialing 1-855-244-8681, access code 2307 168 9263 #. Requests to appear telephonically must be made in advance.

The principal purpose of the status conference is to assist the Court in managing its docket and the case. Parties other than the Debtor's management and its counsel will be allowed to speak briefly about concerns or problems they anticipate may arise in the case, but they will not be allowed to request relief or seek orders on pending motions and proceedings that will be otherwise scheduled.

**Fourteen (14) calendar days before the status conference,** the Debtor will file with the Court a status report containing the following information:

1. The date the case was filed and the date Debtor's counsel applied for appointment to represent the Debtor.
2. The Debtor's proposed deadline for filing claims.
3. The Debtor's proposed deadline for filing objections to claims.
4. The Debtor's proposed deadline for filing a spreadsheet report of allowed and disputed claims by class.
5. The Debtor's proposed deadline for filing any avoidance actions.
6. The Debtor's proposed deadline for filing a disclosure statement and plan of reorganization.
7. The Debtor shall also indicate to the Court:
    a. The names and addresses of the natural persons in control of the debtor (if a corporation or partnership) designated for purposes of Fed.R.Bankr.P. 9001(5).
    b. Whether the initial financial report and other documentation required by the United States Trustee have been filed and whether the Debtor is current on the filing of its monthly financial reports to the United States Trustee.

c. Whether the Debtor's schedules have been filed in substantially complete form.

   d. Whether the Debtor is current on all tax filings, and if not, which returns are outstanding and when they will be filed.

Other issues which the Debtor and its counsel should address are:

8. The Debtor's projections for financial operations for the first 120 days of this case.

9. The Debtor's financial history for the three (3) years prior to the filing of the petition (annual figures).

10. The expected budget for professionals in this case.

11. The problems which require resolution through the bankruptcy process.

The Court directs Debtor's counsel to serve a copy of this Order upon the United States Trustee, the Internal Revenue Service, the Unsecured Creditors' Committee (or the 20 largest unsecured creditors if no committee has been appointed), all secured creditors, and the Debtor's officers and directors (if Debtor is a corporate Debtor) or the general and limited partners (if Debtor is a partnership Debtor) **within seven (7) days of this Order**. Upon such service, Debtor's counsel shall file a Certificate of Service thereof.

**FAILURE TO APPEAR AT THE PRELIMINARY STATUS CONFERENCE, TO FILE THE REQUIRED REPORT, OR TO SERVE NOTICE MAY RESULT IN THE DISMISSAL OF THE CASE OR CONVERSION TO A CASE UNDER CHAPTER 7.**

**IT IS SO ORDERED**.

# # #